THE STATE, DEFENDANT IN ERROR, v. EDWARD S. FISHER, PLAINTIFF IN ERROR.

Submitted March 17, 1921—Decided June 21, 1921.

1. Upon the trial of an attorney-at-law for the fraudulent conversion of money entrusted to him by a client, the defendant objected to the admission in evidence of the books of banks in which the defendant carried deposits, the purpose of the introduction of the books being to show that the defendant had not deposited the moneys entrusted to him. *Held,* that the fact that the moneys were not deposited in either bank was some evidence that they were retained by the defendant. and, although, if this was the fact, it would not. standing alone. justify the conclusion of a wrongful appropriation of the money, it was an incident in rela-

tion to the defendant's dealing with these moneys which was material, and properly to be considered with other facts proved in the case, in reaching a conclusion whether defendant was guilty of the crime charged against him.

2. Upon the trial of a person for one crime, testimony that he has been guilty of other crimes is irrelevant and incompetent, unless the defendant's guilt of the extraneous crime tends logically to prove against him some particular element of the crime for which he is being tried and there must appear between the extraneous crime and the crime of which the defendant is accused some other real connection beyond the allegation that they have both sprung from the same vicious disposition.

On error to the Somerset County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and KATZENBACH.

For the plaintiff in error, *Frederick A. Pope.*

For the state, *Azariah M. Beekman.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The writ of error brings up for review a conviction had against Edward S. Fisher, an attorney-at-law of this state, upon an indictment charging him with the fraudulent conversion to his own use of the sum of $1,942 of moneys entrusted to him by one Almira H. Staats, for the purpose of investing it for her benefit. This money was delivered to the defendant by Mrs. Staats somewhere about the last of November, in the year 1919.

The first ground of reversal argued by counsel is directed at the admission of evidence by the trial court, over objection, of the books of the First National Bank of Bound Brook, and also the books of the Bound Brook Trust Company, in each of which banking institutions the defendant at the time of the reception of the moneys carried deposit and checking accounts. The purpose of the introduction of these books was to show that the defendant had not deposited in either of

these institutions the moneys entrusted to him by Mrs. Staats. The argument in support of this ground of reversal is that these bank accounts were irrelevant, unless it appeared from them that the particular moneys received from Mrs. Staats had gone into these accounts and were subsequently used by the defendant, contrary to the provisions of the trust under which he received them. We do not think the contention sound. The fact that the moneys were not deposited in either of these banks was some evidence that they were retained by the defendant in his own possession; and, although, if this was the fact, it would not, standing alone, justify the conclusion of a wrongful appropriation of the moneys, it was, nevertheless, an incident in relation to the defendant's dealing with these moneys which was material, and properly to be considered with other facts proved in the case, in reaching a conclusion whether he was guilty of the crime charged against him in the indictment.

The second ground upon which we are asked to reverse the conviction is that the trial judge erred in refusing to direct a verdict of acquittal, for the reason that no proofs had been submitted on the part of the state upon which a verdict of guilty could legally have been found against him. It is enough to say in disposing of this contention that our examination of the proofs sent up with the writ discloses the existence of ample evidence to justify a conviction, in case it was accepted as true by the jury.

Next. it is said that the court erred in permitting the state to prove, over objection, that Mrs. Staats, some eighteen years before the occurrence. which is made the subject-matter of the indictment, placed in the hands of the defendant $300 to be put out by him for her on interest, and that she never got the money back, or even interest on it. The admission of this evidence was attempted to be justified on the theory that it tended to show the relation existing between the parties—that is, a continuous relation of trust and confidence existing between them as attorney and client, or principal and agent. But Mrs. Staats herself negatived the idea of the continued existence of any such relation. She testified that she had not

seen the defendant to talk to him on business matters—in fact, had not talked to him at all—for sixteen years prior to the date of her examination as a witness, except with relation to transactions connected with the subject-matter of this indictment. It is apparent, therefore, that the earlier transaction was entirely isolated from and unconnected with that which was made the subject of the indictment. That it involved criminality on the part of the defendant is a fair inference to be drawn from Mrs. Staats' testimony. In the case of *State* v. *Raymond*, 53 *N. J. L.* 260, 264, the general rule on this subject is stated to be that "upon the trial of a person for one crime, evidence that he has been guilty of other crimes is irrelevant;" and that, although there are a number of exceptions to this rule, it may be said in general that the testimony is irrelevant and incompetent, unless the defendant's guilt of the extraneous crime tends logically to prove against him some particular element of the crime for which he is being tried; that there must appear between the extraneous crime and the crime of which the defendant is accused some other real connection beyond the allegation that they have both sprung from the same vicious disposition. The court adds: "But it must not be supposed that the defendant's propensity to commit crime, or even to commit crimes of the same sort as that charged, can be put in evidence to prove his guilt of the particular offence." And in the case of *State* v. *Deliso*, 75 *Id*. 808, 816, it is declared that testimony which merely tends to show the criminal character and predisposition of the accused is, as a general rule, irrelevant and inadmissible; and that "one cogent reason for the rejection of testimony as to unconnected crimes is the impracticability of trying a defendant for such unconnected crimes with a view to reading his guilt thereof, if established, into the specified crime with which the jury is directly concerned." Our conclusion upon this point is that the testimony was incompetent under the cases cited and that its admission was plainly injurious to the defendant. For this reason the conviction under review must be set aside.

Other grounds of reversal are directed at the charge of the court to the jury and at the refusal of the court to charge certain requests submitted on behalf of the defendant. We have examined the charge, in view of the criticism made upon it by counsel, and reach the conclusion that it is legally unobjectionable for any of the reasons urged. As to the requests to charge, the legal propositions contained in them were charged, in effect, so far as they were applicable to the case and so far as they embodied correct legal principles.

For the reason stated the judgment under review must be reversed.